John L. BUTLER, Appellant,

v.

UNITED STATES, Appellee.

No. 7411.

District of Columbia Court of Appeals.

Argued March 25, 1974.

Decided July 19, 1974.

5. See D.C.Code 1973, § 23–563(b); Super. Ct.Crim.R. 4(c)(2).

6. See Super.Ct.Crim.R. 4(c)(1).

Allan M. Palmer, Washington, D. C., appointed by this court, for appellant.

William I. Martin, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

PER CURIAM:

Appellant was indicted and tried for first degree murder (D.C.Code 1973, § 22–2401). The jury returned a second degree murder verdict (D.C.Code 1973, § 22–2403). Appellant claims that prejudicial error was committed when certain testimony was allowed into evidence.

During the trial appellant's daughter was permitted to testify, over objection, that she had stated to appellant immediately following the killing "that he [appellant] threatened her [the deceased] before and he just meant to do it [kill her mother]." Although the government concedes that it was error to admit such opinion testimony into evidence, it contends that this was harmless error. We agree.

The evidence supporting the first degree murder charge was extremely strong. Several weeks prior to the shooting, appellant purchased the murder weapon and told a witness that he had purchased the weapon to use on decedent. He had threatened to kill the decedent on numerous occasions,

the last time being two days prior to the shooting when a witness saw appellant point the gun at decedent and threaten to kill her and heard him state to the decedent "not now, but later."

Witness Jennea Myrick, age 7, was present in the room when the shooting occurred and testified that appellant, while lying on the bed, reached into the dresser drawer, withdrew the pistol and shot his wife. There was testimony that just before the shooting the decedent called out to her daughter, who was in another room, to "call the police."

The deputy medical examiner characterized the gunshot wound as a "near contact wound," with the gun being fired from a distance of no more than one inch from the point of entry. There were no signs of struggle at the time of the shooting.

In addition, there was a strong motive to kill because of decedent's repeated statement to appellant that their young baby was not his child.

In the instant case, the jury returned a verdict of second rather than first degree murder, notwithstanding the strong evidence of premeditation, deliberation, and malice which was adduced in addition to the daughter's inadmissible testimony.* We are therefore of the opinion that the jury was not substantially swayed by the daughter's inadmissible testimony and hold the error was harmless beyond a reasonable doubt. *See, e. g.,* Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L. Ed. 1557 (1946).

Affirmed.

---

* Malice aforethought is an element common to both first and second degree murder; the distinguishing feature between these crimes is that first degree murder includes the elements of premeditation and deliberation, while second degree murder does not. United States v. Wharton, 139 U.S.App.D.C. 293, 433 F.2d 451 (1970); Belton v. United States, 127 U.S.App.D.C. 201, 382 F.2d 150 (1967).